UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-61192-CIV-MORENO

BROADCAST MUSIC, INC.; NIGHT
DANDELION MUSIC CO.; JAMIE MUSIC
PUBLISHING CO.; LOST BOYS MUSIC;
UNIVERSAL-SONGS OF POLYGRAM
INTERNATIONAL, INC.; FUEL
PUBLISHING, INC. d/b/a PENER PIG
PUBLISHING; WARNER-TAMERLANE
PUBLISHING CORP.; G DEGRAW MUSIC
INC.; E.O. SMITH MUSIC; EMI
BLACKWOOD MUSIC, INC.; COLLIPARK
MUSIC; DA CRIPPLER PUBLISHING; EWC
PUBLISHING CO.; WHO IS MIKE JONES
MUSIC; 2 PLAYAS PUBLISHING LLC; and
WHERE I'M CALLING FROM MUSIC,

        Plaintiffs,

vs.

O'MALLEY'S SPORTS BAR, INC. d/b/a
O'MALLEY'S SPORTS BAR and STEPHEN
C. JOHNSON,

        Defendant.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE came before the Court upon Plaintiffs' Motion for Final Default Judgment Against Defendants **(D.E. 11)**, filed on **November 3, 2017**. The Court has considered the motion and the pertinent portions of the record, and is otherwise fully advised in the premises. A default has been entered against Defendants O'Malley's Sports Bar, Inc. d/b/a O'Malley's Sports Bar and Stephen C. Johnson for failure to answer or otherwise plead to the Summons and Complaint served by Plaintiffs. Counsel for Plaintiffs filed an Affidavit with the Court as to the amount due

from Defendant. For the reasons discussed below, it is **ADJUDGED** that the Motion for Default Final Judgment is **GRANTED**. Judgment is hereby entered in favor of Plaintiffs and against Defendants.

### *1. Damages for Copyright Infringement*

The Copyright Act permits the aggrieved party to elect either actual or statutory damages. 17 U.S.C. § 504(c)(1). If a copyright owner elects statutory damages in lieu of actual damages and profits, the Court has the discretion to award statutory damages in an amount "not less than $750 or more than $30,000 as the court considers just," per act of infringement. *Id.*; *see also F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231–32 (1952). "A plaintiff may elect statutory damages whether there is adequate evidence of actual damages to the copyright owner or profits gained by the infringer." *Nintendo of America, Inc. v. Ketchum*, 830 F. Supp. 1443, 1445 (M.D. Fla. 1993) (citing *Cable/Home Comm. Corp. v. Network Prod., Inc.*, 902 F.2d 829, 850 (11th Cir. 1990)). When determining whether to award statutory damages, courts consider several factors, "including the expenses saved and profits reaped by [the] infringer, revenues lost by copyright holder as a result of infringement, and infringer's state of mind, whether willful, knowing or innocent." *Id.* Furthermore, the Court must remain mindful that the purpose of statutory damages is to discourage wrongful conduct and enforce the statutory protections afforded by the Copyright Act. *See F.W. Woolworth*, 344 U.S. at 233; *Microsoft Corp. v. Raven Tech., Inc.*, 2007 WL 438803, at *4 (M.D. Fla. Feb. 8, 2007)

Plaintiffs seek $5,000 for each copyrighted work infringed, for a total of $30,000. This amounts to approximately three times the licensing fees Defendants would have paid Plaintiffs during the period of infringement spanning from January 2013 through November 2017. The evidence indicates that, during this period of infringement, Plaintiffs sent multiple letters, including cease and desist letters, and made 58 phone calls to Defendants seeking to bring them into compliance with the copyright laws concerning the public performance of musical compositions. Despite these efforts, Defendants continued their infringing conduct. Accordingly,

the Court finds that Plaintiffs' request is reasonable and that they are entitled to $30,000 in statutory damages. *See Broadcast Music, Inc. v. Evie's Tavern Ellenton, Inc.*, 2013 WL 5487066, at *6 (M.D. Fla. Sept. 30, 2013), *aff'd*, 772 F.3d 1254 (11th Cir. 2014) (awarding statutory damages equaling three times the licensing fees defendants would have paid during the period of infringement); *Milk Money Music v. Oakland Park Entm't Corp.*, 2009 WL 4800272, at *2 (S.D. Fla. Dec. 11, 2009) (awarding $7,000 in statutory damages per infringement, for a total of $28,000); *Disney Enters. Inc. v. Law*, 2008 WL 203393, at *4 (M.D. Fla. Jan. 23, 2008) (awarding $28,000 in statutory damages).

### 2. *Attorneys' Fees & Costs*

Pursuant to 17 U.S.C. § 505, the Court may award costs and attorneys' fees to the Plaintiffs as the prevailing party. The Court finds that Plaintiffs' costs of $815 and fees of $3,000 are reasonable and recoverable.

### 3. *Injunctive Relief*

Section 502 of the Copyright Act permits the entry of a permanent injunction to prevent further infringement. Plaintiffs have requested that Defendants be permanently enjoined from infringing the copyrighted musical compositions licensed by Broadcast Music, Inc. A district court may grant injunctive relief if the moving party shows that: (i) it has achieved actual success on the merits; (ii) irreparable injury will be suffered unless the injunction issues; (iii) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (iv) if issued, the injunction would not be adverse to the public interest. *Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir.2000) (en banc) (per curiam). Permanent injunctions "are regularly issued pursuant to the [Copyright Act, given] the public in upholding copyright protections." *Arista Recordings, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003) (citations and quotations omitted). Based on the evidence, the Court finds that a permanent injunction is warranted, especially given Defendants' willful infringement and the public's interest in strong copyright protection.

For the reasons discussed, it is **ADJUDGED** that Plaintiffs shall recover from Defendants O'Malley's Sports Bar, Inc. d/b/a O'Malley's Sports Bar and Stephen C. Johnson damages in the amount of $30,000, attorney's fees and costs in the amount of $3,815, for a sum total of **$33,815**. Interest shall accrue on this judgment pursuant to 28 U.S.C. §1961. For which sum let execution issue.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th of April, 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record